UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER, | No. 25-cv-00456 WBS SCR P |
| Plaintiff, | |
| v. | ORDER |
| DYLAN, et al., | |
| Defendants. | |

Plaintiff, a former county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 9.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff's first amended complaint ("FAC") is also before the court for screening under 42 U.S.C. § 1915A.[1] (ECF No. 5.) For the reasons described below, the undersigned orders plaintiff to file a second amended complaint within thirty days of this order.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In

---

[1] Plaintiff filed the FAC before the court screened the initial complaint.

1

1  performing this screening function, the court must dismiss any claim that "(1) is frivolous,
2  malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief
3  from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous
4  when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325
5  (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless
6  legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327.  The critical
7  inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and
8  factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

9  In order to avoid dismissal for failure to state a claim a complaint must contain more than
10 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
11 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
12 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
13 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
14 court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial
15 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
16 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When
17 considering whether a complaint states a claim, the court must accept the allegations as true,
18 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
19 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## PLAINTIFF'S FAC

21 Plaintiff filed his FAC on March 10, 2025, naming Dillon Herrenschmidt and Governor
22 Gavin Newsom as defendants.  (ECF No. 5.)  Plaintiff concurrently submitted a letter to the court
23 titled "Amend Defendant's Name," explaining that he amended his complaint to correct the
24 spelling of defendant Herrenschmidt's name.[2]  (ECF No. 6.)  The FAC's "Statement of Claim"
25 field reads: "Plaintiff will refer to the Statement of Claim already submitted to the Court[.]"
26 (ECF No. 5 at 5.)  The FAC contains no other factual allegations conducive to screening.

---

28 [2] Plaintiff's initial complaint named a "Defendant Dylan."  (ECF No. 1.)

The court construes the FAC's "Statement of Claim" field as referring to the facts pled in plaintiff's initial complaint. (See ECF No. 1.) The court advises plaintiff that it cannot refer to a prior pleading to make his FAC complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court will grant plaintiff an opportunity to file an amended complaint with a complete factual statement of claims against defendants Herrenschmidt and Governor Newsom. Plaintiff shall submit the amended complaint within thirty (30) days of service of this order. The pleading shall be titled **"Second Amended Complaint."** Plaintiff is advised that if he fails to file a second amended complaint within 30 days of service of this order, the case will proceed on the FAC, as screened, and it will be recommended that the FAC be dismissed without prejudice for failure to state a claim.

The court further advises plaintiff that the second amended complaint must specify whether plaintiff is suing Governor Newsom in his individual or official capacity. If plaintiff names Governor Newsom in his individual capacity, plaintiff must show that Governor Newsom was personally involved in the violation of plaintiff's rights or that there was a "sufficient causal connection" between Governor Newsom's own conduct and the violations at issue. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). However, plaintiff is advised that a claim against Governor Newsom in his official capacity will be barred by the Eleventh Amendment. See Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007) ("state officials sued in their official capacities … are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity").

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted.

2. Plaintiff's request to leave to proceed in forma pauperis (ECF No. 4) is denied as moot.

3. Plaintiff's motion for extension of time to file consent/decline form (ECF No. 7) is granted.

4. Plaintiff's Consent/Decline of U.S. Magistrate Judge Jurisdiction (ECF No. 10) is deemed timely.

5. Plaintiff shall have thirty days from the service of this order to file a second amended complaint as outlined above. If plaintiff fails to file an amended complaint, the case will proceed on the FAC, as screened, and it will be recommended that the FAC be dismissed without prejudice for failure to state a claim.

DATED: March 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4