UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DYLAN, et al.,<br><br>　　　　　Defendants. | No.  25-cv-00456 WBS SCR P<br><br>ORDER AND FINDINGS & <u>RECOMMENDATIONS</u> |

Plaintiff, a former county prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983.  Before the court are plaintiff's second amended complaint for screening (ECF No. 16), motion for default judgment (ECF No. 14), and motion for temporary restraining order (ECF No. 17.)  For the reasons described below, the undersigned orders plaintiff to file a third amended complaint within thirty days of this order and recommends that plaintiff's motion for default judgment and motion for temporary restraining order be denied.

### STATUTORY SCREENING OF PRISONER COMPLAINTS

**I.　　Legal Standard**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

1

1 from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous
2 when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325
3 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless
4 legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical
5 inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and
6 factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

   In order to avoid dismissal for failure to state a claim a complaint must contain more than
8 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
9 of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
10 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
12 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
13 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
14 inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When
15 considering whether a complaint states a claim, the court must accept the allegations as true,
16 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
17 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

18 **II.     Background**

19   Plaintiff filed his original complaint on February 5, 2025.  (ECF No. 1.)  He filed a first
20 amended complaint ("FAC") on March 10, 2025, before the court had screened the original
21 complaint. (ECF No. 5.)   In its screening order dated March 18, 2025, the court determined that
22 plaintiff's FAC failed to state a claim upon which relief can be granted.  (ECF No. 13.)
23 Specifically, the FAC added defendant Herrenschmidt but referred back to the statement of facts
24 in plaintiff's original complaint.  The undersigned advised plaintiff that he cannot refer to a prior
25 pleading to make his FAC complete and granted plaintiff an opportunity to file an amended
26 complaint with a complete factual statement of claims.  (Id.)  Plaintiff filed his second amended
27 complaint ("SAC") on March 31, 2025.  (ECF No. 16.)
28 ////

### III. Plaintiff's Second Amended Complaint

Plaintiff's SAC names Governor Gavin Newsom and Dillon Herrenschmidt as defendants. (ECF No. 16.) Plaintiff alleges that on January 17, 2025, defendant Herrenschmidt contacted plaintiff at the Rio Consumnes Correctional Center on the day of his release. Defendant Herrenschmidt informed plaintiff that he had to wear a GPS ankle device as a condition of his probation. (Id. at 6.) Before defendant assembled the device, plaintiff noticed it was much larger than any device he had ever seen. Defendant demonstrated how the technology would alert him if plaintiff was detected anywhere near defendant Governor Newsom. (Id.)

Defendant Herrenschmidt is aware plaintiff claims to be a Republican and has a conflict of interest with the Governor. (ECF No. 16 at 6.) Defendant claims the device's extra technologies such as phone calls, messages, and alarms are because Governor Newsom needs protection. (Id.) The ankle device was later removed by several sheriff's deputies at the Sacramento County jail while plaintiff was in custody on a violation. (ECF No. 16 at 6.) It took deputies several hours to cut through the thick spring steel using bolt and wire cutters. (Id.)

Plaintiff alleges he has suffered damages of emotional distress, physical discomfort, mortification, and financial loss as a direct and proximate result of defendants' actions and seeks $1,792,160.00 in damages. (ECF No. 16 at 8.)

### IV. Discussion

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (citation omitted). While plaintiff's SAC contains a statement of facts, it does not state what causes of action it is asserting or against whom. Nor does the SAC provide a basis for its assertion of federal question jurisdiction. (See ECF No 16 at 4.) Because plaintiff's SAC does not identify which Constitutional or federal statutory rights the defendants allegedly violated or otherwise give defendants fair notice of its grounds for relief, the SAC fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

////

1         To the extent the SAC refers back to the legal claims in his original complaint or FAC, the
2   court again advises plaintiff that it cannot refer to a prior pleading to make the SAC complete.
3   Local Rule 220 requires that an amended complaint be complete without reference to any prior
4   pleading.  This is because, as a general rule, an amended complaint supersedes any prior
5   complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff
6   files an amended complaint, any previous complaint no longer serves any function in the case.
7   Therefore, in an amended complaint, each claim and the involvement of each defendant must be
8   sufficiently alleged.
9         Even if plaintiff had identified specific causes of action, the SAC does not contain
10  adequate facts to link defendant Governor Newsom to any alleged violations.  As the court
11  explained in its prior screening order, "plaintiff must show that Governor Newsom was
12  personally involved in the violation of plaintiff's rights or that there was a 'sufficient causal
13  connection' between Governor Newsom's own conduct and the violations at issue."  (ECF No. 13
14  at 3 (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)).)  The SAC, however, does not
15  contain any facts showing Governor Newsom's personal involvement in the underlying events.
16  To the extent plaintiff sues Governor Newsom for damages in his official capacity, such claims
17  are also barred by the Eleventh Amendment.  See Flint v. Dennison, 488 F.3d 816, 825 (9th Cir.
18  2007) ("state officials sued in their official capacities … are not 'persons' within the meaning of §
19  1983 and are therefore generally entitled to Eleventh Amendment immunity"); Hoeg v. Newsom,
20  728 F.Supp.3d 1152, 1157 (E.D. Cal. 2024) ("damages are not available from state officials sued
21  in their official capacity under § 1983").  "On the other hand, an action against a state official
22  sued in his individual, rather than his official or representational, capacity is not barred by the
23  eleventh amendment."  Blaylock v. Schwinden, 862 F.2d 1352, 1353-54 (9th Cir.1988)
24        Liberally construed, the SAC appears to challenge a condition of plaintiff's probation
25  rather than the validity of his conviction or sentence.  Therefore, the court cannot say at this stage
26  that the SAC is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) and will grant plaintiff
27  another opportunity to file an amended complaint with a complete statement of facts and legal
28  claims.  See Thornton v. Brown, 757 F.3d 834, 838 (9th Cir. 2013) (holding that state parolee

1  may challenge under § 1983 the manner in which electronic GPS monitoring is enforced).
2  Plaintiff shall submit the amended complaint within thirty (30) days of service of this order. The
3  pleading shall be titled **"Third Amended Complaint."** Plaintiff is advised that if he fails to file
4  a third amended complaint within 30 days of service of this order, the case will proceed on the
5  SAC, as screened, and it will be recommended that the FAC be dismissed without prejudice for
6  failure to state a claim.

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On March 21, 2025, plaintiff filed a request for entry of default pursuant to Fed. R. Civ. P. 55(a). (ECF No. 14.) Plaintiff's motion claims that defendants were properly served and have failed to file a response within the time allowed by law. (Id. at 1.) Plaintiff is mistaken. The action is still in the screening stage, see 28 U.S.C. § 1915A, and as described above, plaintiff's SAC does not state any cognizable causes of action. Moreover, the undersigned has not yet ordered service and no defendants have appeared. If the court later finds plaintiff's third amended complaint states cognizable claims for relief, plaintiff will be instructed to provide further information so that the U.S. Marshal can effectuate service of that amended complaint and summons.[1] See 28 U.S.C. § 1915(d). Accordingly, plaintiff's motion for default judgment should be denied.

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

### I.  Summary of Plaintiff's Filing

On March 31, 2025, plaintiff filed a motion for temporary restraining order ("TRO"). (ECF No. 17.) Plaintiff's one-page filing states that "the bases in which compels this motion will demonstrate that Plaintiff will suffer irreparable harm such as political persecution that effects delivery of mail, transportation, and false arrests." (Id.) Plaintiff adds that he is seeking a TRO without notice "because one of the Defendants is currently supervising Plaintiff on probation" and

---

[1] It appears from the SAC's proof of service that plaintiff mailed copies of the complaint and summons forms to both defendants. (See ECF No. 16 at 9.) The court hereby instructs plaintiff not to serve a third amended complaint on defendants. Again, if the court finds service of that complaint appropriate after conducting the screening required by § 1915A, such service will be handled by the U.S. Marshal.

5

"notice for a [TRO] may cause irreparable damage." (Id.)  The court liberally construes plaintiff's TRO motion to seek relief from the probation condition that he submit to electronic GPS monitoring.

**II.     Legal Standard**

A TRO is an extraordinary remedy that may only be granted if the moving party satisfies one of two legal standards.  A plaintiff seeking a TRO must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).  A plaintiff may also be entitled to a TRO by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor.  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

**III.    Discussion**

Plaintiff's TRO motion should be denied.  Without an operative complaint and service on defendants, the court lacks personal jurisdiction over the parties and subject matter jurisdiction over the claim.  Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).  The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009).  Further, an injunction under Rule 65 binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)–(C).  In sum, plaintiff's TRO request is premature and should be denied.

Moreover, plaintiff's TRO motion is defective.  Federal Rule of Civil Procedure 65(b)(1) permits issuance of a TRO without notice to the adverse party only if:

   A. Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

   B. The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

////

Here, plaintiff did not provide the certification required by this rule regarding notice of the TRO motion, and the unsupported allegations in his motion and SAC are insufficient to demonstrate that he will suffer an immediate and irreparable injury or loss if the motion is not granted. Accordingly, in addition to being premature, plaintiff's request for a TRO is defective and should be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall have thirty days from the service of this order to file a third amended complaint as outlined above. If plaintiff fails to file an amended complaint, the case will proceed on the SAC (ECF No. 16), as screened, and it will be recommended that the SAC be dismissed without prejudice for failure to state a claim.

2. The Clerk of the Court is directed to send plaintiff a blank Civil Rights Complaint by a Prisoner form.

3. Plaintiff is instructed not to serve a third amended complaint on defendants. Again, if the court later finds service of the complaint appropriate, such service will be handled by the U.S. Marshal.

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 14) be denied.

2. Plaintiff's motion for temporary restraining order (ECF No. 17) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE