UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br>Plaintiff,<br>v.<br>DYLAN, et al.,<br>Defendants. | No. 2:25-cv-00456 WBS SCR P<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Plaintiff is incarcerated in county jail and proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff's third amended complaint ("TAC") is before the undersigned for screening pursuant to 28 U.S.C. § 1915A. ECF No. 27. For the reasons set forth below, and for screening purposes only, the undersigned finds that Plaintiff states one cognizable claim against Defendant Herrenschmidt and will order service of the TAC.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I. Factual History**

Plaintiff filed his original complaint on February 5, 2025. ECF No. 1. He filed a first amended complaint ("FAC") on March 10, 2025, before the Court screened the original complaint. ECF No. 5. The FAC alleged that Defendant Herrenschmidt, Plaintiff's probation officer, "strapped a very heavy, enormously large ankle monitor that can cause serious artery damage to Plaintiffs [sic] ankle." Id. at 5. The FAC otherwise incorporated the allegations in the

original complaint. Id. On screening, the undersigned dismissed the FAC with leave to amend and advised that Plaintiff cannot refer to a prior pleading to make his FAC complete. ECF No. 13.

Plaintiff filed a second amended complaint ("SAC") on March 31, 2026, naming Governor Gavin Newsom and Dillon Herrenschmidt as Defendants. ECF No. 16. Plaintiff again alleged that Defendant Herrenschmidt required Plaintiff to wear a GPS ankle device as a condition of his probation. The device was so large that Sacramento County Jail officials had to cut it off with bolt and wire cutters upon Plaintiff's re-detention for a probation violation. Id. at 6. The undersigned dismissed the SAC by screening order dated April 7, 2025. ECF No. 18. The SAC did not adequately link Defendant Governor Newsom to any violation of Plaintiff's rights and did not include sufficient facts for the Court to reasonably infer the nature of his legal claims against Herrenschmidt. The undersigned granted Plaintiff leave to amend and advised him to clarify whether he was challenging a condition of his probation or the validity of his conviction or sentence.[1] Id. at 4-5.

When Plaintiff did not timely amend, the undersigned issued an order to show cause why the Court should not recommend the action be dismissed for failure to obey a court order and failure to prosecute. ECF No. 21. Plaintiff filed a response objecting to a magistrate judge's handling of his case as opposed to an Article III judge and stated he would not amend. ECF No. 25. However, several days later Plaintiff filed his TAC, ECF No. 27, and a declaration explaining that he was rearrested and requesting that the Court screen his TAC. ECF No. 28. Good cause appearing, the undersigned will discharge the order to show cause and screen the operative TAC.

## II. Plaintiff's TAC

The TAC's factual allegations are contained on one page and read in full:

> It's alleged an on 01/18/2025 defendant probation officer Dillon Herrenschmidt assembled and activated a third party (GPS) device around plaintiff's ankle. The ankle device is not approved by the state courts for probationers due to its design and unique functions have constitutional privacy and other concerns.

---

[1] The undersigned also recommended that Plaintiff's motion for default judgment and motion for temporary restraining order be denied. ECF No. 18. On May 19, 2025, the assigned district judge adopted those findings and recommendations. ECF No. 20.

> Therefore, the device was contracted through a private company by the defendant Herrenschmidt ultimately for the reason that the defendant Governor Gavin Newsome was in need of protection.
>
> The device has features which function similar to an intercom. The third party would tap in over the speaker and communicate with the plaintiff once the battery got low on the device or if plaintiff was in what was considered a restricted area. And times of no cause like when the third party unexpectedly interrupted a sexual encounter and several business webinar meetings.
>
> The plaintiff had several Sacramento Sheriffs cut off the device by using bolt and wire cutters. As a result of the defendant's actions, plaintiff suffered emotional distress, defamement [sic] (of character), and loss of finances.

ECF No. 27 at 1. Plaintiff also included a hand-drawn picture of the ankle monitor depicting its speaker and phone button. Id. at 3.

The TAC did not identify any legal claims or include a request for relief. Plaintiff subsequently filed a notice to amend his relief and request $10 million dollars. ECF No. 34. The undersigned liberally construes that request as a motion to amend pursuant to Federal Rule of Civil Procedure 15(a). To ensure proper screening of the complete TAC, the undersigned grants that motion and will consider the requested relief as part of the TAC. See Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc) (holding, in § 1983 action involving PLRA screening provisions, that "amendment policy is informed by Federal Rule of Civil Procedure 15(a), which provides that leave to amend should be freely granted when justice so requires.'"), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

## LEGAL STANDARDS

### I. Statutory Screening

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II. 42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

**III. Linkage**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which

[the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

## DISCUSSION

### I. Defendant Governor Newsom

#### A. Failure to State a Claim

The TAC's allegations do not adequately link Defendant Governor Newsom to any alleged violation of Plaintiff's rights. A person deprives another of a constitutional right, within the meaning of § 1983, "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). Plaintiff alleges he received an ankle monitor for Governor Newsom's protection but does not remotely allege the Governor's involvement or knowledge of the decision. To the extent plaintiff sues Governor Newsom for damages in his official capacity, such claims are barred by the Eleventh Amendment. See Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007) ("state officials sued in their official capacities … are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity"); Hoeg v. Newsom, 728 F.Supp.3d 1152, 1157 (E.D. Cal. 2024) ("damages are not available from state officials sued in their official capacity under § 1983"). Accordingly, the TAC's claims against Defendant Governor Newsom are dismissed.

#### B. No Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). "However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend." Cato, 70 F.3d at 1005-06. Plaintiff has failed to state a claim against Defendant Governor Newsom despite receiving notice of his pleading deficiencies and multiple chances to amend. Accordingly, his claim against Defendant Newsom cannot be

amended and the undersigned will recommend that the claim be dismissed.

## II. Defendant Herrenschmidt

### A. Analysis

The crux of Plaintiff's TAC is that Defendant Herrenschmidt ordered and installed an ankle device that was "not approved by the state courts for probationers due to its design and unique functions have constitutional privacy and other concerns." ECF No. 27 at 1. Specifically, he alleges that the device's intercom function interrupted "a sexual encounter" and several business meetings. Although Plaintiff does not identify a specific legal claim, the undersigned liberally construes this claim as invoking Plaintiff's Fourth Amendment right to be free from unreasonable searches.[2] See United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000) (courts must liberally construe pro se complaints, including matters from prisoners.).

Under the Fourth Amendment, a person has the right to be free from an unreasonable search. U.S. Const. amend. IV. Defendant's monitoring of Plaintiff with the allegedly unapproved GPS device constitutes a search. See Grady v. North Carolina, 575 U.S. 306, 309 (2015) (per curiam). In addition to limiting physical intrusions on a constitutionally protected area, "the Fourth Amendment protects 'certain expectations of privacy.'" United States v. Rosenow, 50 F.4th 715, 737 (9th Cir. 2022) (quoting Carpenter v. United States, 585 U.S. 296, 304 (2018)). "When an individual seeks to preserve something as private, and his expectation of privacy is one that society is prepared to recognize as reasonable, we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause." Id. Whether the search of a probationer is reasonable "is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." Samson v. California, 547 U.S. 843, 848 (2006).

The undersigned finds that the TAC's allegations are minimally sufficient to plead an unreasonable intrusion upon Plaintiff's privacy. Further, at this early stage of the case, the

---

[2] Another clue is that Plaintiff framed this same claim as a Fourth Amendment violation in earlier versions of the complaint. See, e.g., ECF No. 1 at 3.

undersigned cannot meaningfully analyze whether the intrusions served legitimate government interests. Therefore, for screening purposes only, and without the benefit of briefing from Defendant regarding his legitimate interests in installing this particular device or his potential immunities, the undersigned finds that the TAC states a cognizable Fourth Amendment unreasonable search claim. Plaintiff will be directed to submit the necessary paperwork for the United States Marshal Service to effect service on Defendant Herrenschmidt.

**PLAIN LANGUAGE SUMMARY OF ORDER FOR PRO SE LITIGANT**

Your third amended complaint does not state any claims for relief against Defendant Governor Newsom. Because you have not fixed the problems identified in the Court's last screening orders, the undersigned recommends that your claim against Governor Newsom be dismissed without leave to amend. However, you have stated a cognizable Fourth Amendment unreasonable search claim against Defendant Herrenschmidt.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended relief request (ECF No. 34) is GRANTED.

2. Plaintiff's motions for extension of time (ECF Nos. 35, 36, and 38) are DENIED as moot.

3. Plaintiff's TAC states a cognizable Fourth Amendment unreasonable search claim against Defendant Herrenschmidt but no other cognizable claims.

4. In accordance with the above, service is appropriate for Defendant Herrenschmidt.

5. The Clerk of the Court shall send plaintiff one (1) USM-285 form, one summons, an instruction sheet, and a copy of the TAC filed June 13, 2025 (ECF No. 27).

6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a. The completed Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form for Defendant Herrenschmidt; and

d. Two (2) copies of the endorsed TAC filed June 13, 2025.

7. The Court again reminds Plaintiff that he need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Additionally, IT IS HEREBY RECOMMENDED that Defendant Gavin Newsom be DISMISSED from the action without leave to amend. See 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br>Plaintiff,<br>v.<br>DYLAN, et al.,<br>Defendants. | No. 2:25-cv-00456 WBS SCR P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

Plaintiff submits the following documents in compliance with the court's order filed ________________________:

1 completed summons form

__________ completed forms USM-285

__________ copies of the complaint

DATED:

______________________________
Plaintiff